IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| Kalaiah Jefferson<br>(Pro Se Litigant),<br>Plaintiff. | FILED<br>U.S. DISTRICT COURT<br>BRUNSWICK DIV.<br>2024 JUN 17 A 10: 49<br>CLERK C. Robinson<br>CASE NO: 5:24-cv-044 |
| v. | |
| Equifax Inc.,<br>TransUnion, LLC,<br>Experian Information Solutions Inc.,<br>Defendant. | JURY DEMAND |

COMPLAINT

I. PRELIMINARY COMPLAINT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, as amended. To determine if any account on a consumer's credit report is considered inaccurate, two main aspects of credit reporting need to be analyzed: payment history and account status.

II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. Plaintiff is a 27 year-old natural person residing in the City of Douglas, Coffee County, Georgia.

5. Defendant Equifax Information Solutions, LLC. (hereafter "Equifax"), is a business entity that regularly conducts business in the state of Georgia and is located at 1550 Peachtree St. NE, Atlanta, Ga 30309.

6. Defendant TransUnion, LLC (hereafter "TU") is a business entity that regularly conducts business in the state of Georgia and is located at 555 W Adams St, Chicago, Illinois 60661.

7. Defendant Experian Information Solutions, Inc., (hereafter "Experian") is a business entity that regularly conducts business in the state of Georgia and is located at 475 Anton Boulevard Costa Mesa, CA 92626.

### IV. FACTUAL ALLEGATIONS

8. The Defendants, Equifax, TransUnion, and Experian, have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

9. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility, and credit worthiness. The

inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

10. The Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

11. Plaintiff has applied for and has been denied loans and extensions of consumer credit on a few occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the information was a substantial factor for those denials.

12. The Plaintiff's credit report and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving any credit offer or opportunity, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

13. During the Plaintiff's attempts to make the Defendant correct their wrongs by way of disputing the information on their websites, filing a complaint on the Consumer Financial Protection Bureau (hereafter "CFPB"), and sending them letters, none of her correspondence or complaints were ever addressed by a legitimate representative or employee of the Defendant. When the Defendants responded to Plaintiff, it was processed via an automated credit dispute system known as an e-OSCAR response, which is developed, and operated collectively by the major credit reporting agencies in

the United States. These agencies include the Defendant's Equifax, Experian, and TransUnion.

14. As a result of the Defendants' conduct, the Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

15. At all times pertinent hereto, the Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

16. At all times pertinent hereto, the conduct of the Defendants as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and a grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I: VIOLATION OF FAIR CREDIT REPORTING ACT

17. The plaintiff refers to the above paragraphs as if they were recited verbatim.

18. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c)

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, the Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e.

22. The conduct of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, the Defendants are liable to the Plaintiff for the full amount of statutory, and actual damages, along with punitive damages, as well as such further relief, as may be permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in her favor and damages against the Defendants, based on the following requested relief:

a. Actual damages;

b. Statutory damages, up to $1,000 per violation for willful noncompliance;

c. Punitive damages of willful misconduct;

d. An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

e. An order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

f. Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

DATE: 06/13/2024

Kalaiah Jefferson
/s/ Kalaiah Jefferson
KALAIAH JEFFERSON
P.O. Box 2234
Douglas, Georgia 31534
KalaiahJefferson17@gmail.com
(772) 801-9417
*Pro Se Litigant*



Katelyn Jefferson
P.O. Box 2234
Douglas, Georgia 31534

U.S. District Court
P.O. Box 1636
Brunswick, Georgia 31521

