# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

KALAIAH JEFFERSON,

    Plaintiff,

v.

TRANSUNION, LLC and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

5:24-cv-44

### ORDER

Before the Court is Defendants' motion to dismiss or, in the alternative, motion for a more definite statement. Dkt. No. 13. The motion has been thoroughly briefed and is ripe for review. Dkt. Nos. 13, 18, 21, 23, 25. For the reasons below, Defendants' motion to dismiss is **DENIED** at this time, but the Court **GRANTS** Defendants' motion for a more definite statement. Plaintiff is **ORDERED** to file a more definite statement of her claims.

### BACKGROUND[1]

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

Plaintiff brought this action on June 17, 2024, against three consumer reporting agencies ("CRAs")—Defendants TransUnion, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC. Dkt. No. 1. She alleges a single-count violation of the Fair Credit Reporting Act ("FCRA"). Id. ¶ 1. In her complaint, Plaintiff asserts "Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties" including "various persons and credit grantors, both known and unknown." Id. ¶¶ 7, 10.

This "inaccurate information consists of accounts and/or tradelines that do not belong to Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information." Id. ¶ 9. Plaintiff states this purportedly "inaccurate information negatively reflects upon [her], [her] credit repayment history, [her] financial responsibility as a debtor and [her] credit worthiness." Id. Plaintiff alleges she "has applied for and has been denied loans and extensions of consumer credit on a few occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials." Id. ¶ 11. Plaintiff alleges her "attempts to make the Defendant[s] correct

2

their wrongs . . . were never addressed by a legitimate representative or employee of the Defendant[s]." Id. ¶ 13.

As a result of Defendants' conduct, Plaintiff alleges that she "has suffered actual damages in the form of lost credit opportunities, harm to her credit reputation and credit score, and emotional distress." Id. ¶ 14. Plaintiff seeks actual, statutory and punitive damages, "[a]n order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information," and "[a]n order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information." Id. at 5.

Defendants now collectively move to dismiss Plaintiff's complaint for failure to state a claim for which relief can be granted.[2] Dkt. No. 13 at 1-2. Alternatively, Defendants ask that Plaintiff be required to amend her complaint to comport with federal pleading standards. Id. at 2. Plaintiff opposes the motion,

---

[2] While this motion was pending, the Court dismissed with prejudice Defendant Equifax Information Services, LLC pursuant to a stipulation of dismissal. Dkt. No. 29. Plaintiff has also filed a notice of settlement with Defendant Experian Information Solutions, Inc. Dkt. No. 30 (dated December 23, 2024).

3

arguing that she has sufficiently alleged the necessary elements to state an FCRA claim against Defendants and sufficiently pled factual assertions to support those allegations. Dkt. No. 18.

### LEGAL STANDARD

I. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately,

4

if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2)).

## II. Motion for a More Definite Statement

Federal Rule of Civil Procedure 15(a)(2) prescribes that courts "should freely give leave" to amend a pleading "when justice so requires." "A district court's discretion to dismiss a complaint without leave to amend 'is "severely restricted"'" by this Rule. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (alterations adopted)). "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc).[3] "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously

---

[3] In Wagner, the Eleventh Circuit made clear that the Bank rule still applies fully to pro se plaintiffs. 314 F.3d at 542 n.1.

5

allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant, 252 F.3d at 1163 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Amendment would be futile in two instances: (1) "where the plaintiff has indicated that he does not wish to amend his complaint," or (2) "if a more carefully drafted complaint could not state a claim" upon which relief could be granted. Bank, 928 F.2d at 1112.

## DISCUSSION

### I. The Complaint Fails to State an FCRA Claim.

The purpose of the FCRA is "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." Equifax, Inc. v. Fed. Trade Comm., 678 F.2d 1047, 1048 (11th Cir. 1982) (quoting S. Rep. No. 91-517, 91st Cong., 1st Sess. 1 (1969)). "Accordingly, the FCRA provides a private right of action against CRAs." Lazarre v. JPMorgan Chase Bank, N.A., 780 F. Supp. 2d 1330, 1333 (S.D. Fla. 2011) ("Pertinent [to claims against CRAs] are FCRA sections 1681e(b) and 1681i(a)."). "However, the FCRA does not make CRAs strictly liable for all inaccuracies in the reports they prepare." Id. (alterations adopted).

"Section 1681e(b) of Title 15 of the FCRA provides that 'whenever a [CRA] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the

6

information concerning the individual about whom the report relates.'" Ray v. Equifax Info. Servs., LLC, 327 F. App'x 819, 826 (11th Cir. 2009) (quoting 15 U.S.C. § 1681e(b)). "To establish a prima facie violation of § 1681e(b), a consumer must present evidence that (1) a credit reporting agency's report was inaccurate and (2) that the inaccurate report was a causal factor in the denial of his credit application." Id. Further, to state a prima facie violation of § 1681i(a), a plaintiff must allege:

> (1) the consumer's credit report contains inaccurate or incomplete information; (2) the plaintiff notified the CRA of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the CRA failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) the failure to reinvestigate caused the plaintiff to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress.

Lazarre, 780 F. Supp. 2d at 1334 (alterations adopted) (internal quotation marks and citation omitted).

Here, Plaintiff's complaint lacks substantive factual detail to support her FCRA claim. Plaintiff has not "clearly identified" any of the incorrect information in her consumer credit report. See Bailey v. SCANA Energy Mktg., Inc., No. 18-cv-1725, 2018 WL 7575542, at *8 (N.D. Ga. Dec. 20, 2018), report and recommendation adopted by 2019 WL 1178429, at *1 (Jan. 14, 2019). The complaint lacks "specific dates of occurrence or descriptions of what Plaintiff found inaccurate about [her] report," "how or when [any alleged inaccuracy] affected [her] alleged credit denials," or

7

"the specific disputes [she] made and [Defendants' reinvestigation and results]." <u>Bailey v. Experian Info. Sols., Inc.</u>, No. 16-CV-789, 2016 WL 9558951, at *4-5 (N.D. Ga. Dec. 9, 2016), <u>report and recommendation adopted by</u> 2017 WL 3836115, at *1 (Jan. 9, 2017) (citation omitted). Plaintiff fails to allege "what information [Defendants] allegedly reported, to whom, why it was allegedly false, or any other information that could support such a claim." <u>See</u> <u>Henry v. Flagstar Bank, FSB</u>, No. 16-CV-1504, 2019 WL 1471267, at *2 (E.D.N.Y. Mar. 31, 2019) (citations and internal marks omitted). Plaintiff's general allegation that she has been "denied loans and extensions of consumer credit on a few occasions" is insufficient to show a plausible causal connection between Defendants' conduct and Plaintiff's alleged damages. <u>See</u> <u>Ray</u>, 327 F. App'x at 826.

Furthermore, the conclusory allegation that Defendants reported or maintained inaccurate information, without providing any factual specificity about that information, will not suffice. <u>See</u> <u>Alexander v. Certegy Check Servs., Inc.</u>, No. 16-CV-859-17, 2016 WL 5843176, at *3 (M.D. Fla. Oct. 4, 2016) (The "threshold showing" for an FCRA claim is "that the credit reporting agency reported or maintained inaccurate information." (citations omitted)); <u>see also</u> <u>Coleman v. Experian Info. Sols., Inc.</u>, 655 F. Supp. 3d 1285, 1300 (N.D. Ga. 2023). Particularly, stating the inaccurate information "consists of accounts and/or tradelines"

which do not belong to Plaintiff or "mispresent" her payment history does not "permit the court to infer more than the mere possibility of misconduct." Dkt. No. 1 ¶ 9; Iqbal, 556 U.S. at 679. "If a consumer fails to set forth facts supporting a plausible showing of an inaccuracy in a credit report, the consumer, as a matter of law, has not established a FCRA violation[.]" Paulino v. W. Funding II Inc., 737 F. Supp. 3d 1338, 1346 (S.D. Fla. 2024). Plaintiff has set forth no facts to support a showing of a specific inaccuracy in her credit reports to state a plausible claim. Therefore, Plaintiff fails to satisfy the Rule 8(a)(2) standard.

## II. Amendment Would Not be Futile.

Defendants argue that Plaintiff should not be given leave to amend because amendment would be futile. Dkt. No. 22. The two instances where amendment is futile, however, are not present here. First, Plaintiff has not indicated that she does not wish to amend her complaint. Dkt. No. 23 at 3. Second, Defendant does not rebut that a "more carefully drafted" complaint could potentially state an FCRA claim. See Bank, 928 F.2d at 1112; Dkt. No. 25 at 2-3.

For these reasons, Defendants' motion to dismiss is **DENIED** at this time, and the Court **GRANTS** Defendants' alternative motion for a more definite statement. Plaintiff is **ORDERED** to file a more definite statement of her claims within **twenty (20) days** of the date of this Order. Plaintiff's failure to do so will result in dismissal of this action. Further, Plaintiff is warned that her

failure to clearly assert sufficient facts to state a claim for relief in a coherent manner will result in dismissal of this case.[4]

## CONCLUSION

Defendants' motion to dismiss or, in the alternative, motion for a more definite statement, dkt. no. 13, is **DENIED in part** and **GRANTED in part**. The motion is **DENIED** with regard to Defendants' request to dismiss Plaintiff's complaint, but the motion is **GRANTED** as to Defendants' request for a more definite statement. Plaintiff is **ORDERED** to file an amended complaint, as directed above, within **twenty (20) days** of the date of this Order.

**SO ORDERED**, this 27 day of January, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] The Court notes that, in this case, there is a "repeated failure to cure deficiencies by amendments previously allowed" by this Court. Bryant, 252 F.3d at 1163; Jefferson v. TransUnion, LLC, No. 23-cv-076, 2023 WL 6882445, at *4 (S.D. Ga. Oct. 18, 2023) (ordering Plaintiff to file a more definite statement). Accordingly, the Court cautions Plaintiff that she should not anticipate any additional opportunities to amend her complaint. See Hardy v. Ga. Dep't of Corr., No. 1:17-cv-172, 2018 U.S. Dist. LEXIS 140936, at *3 (S.D. Ga. Aug. 20, 2018) (denying "any future motions to amend absent a showing of good cause" where the plaintiff previously filed a complaint alleging the same causes of action against the same defendants, was given an opportunity to amend, voluntarily dismissed the first suit, and filed a deficient complaint in a second suit).